

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JAMES WRIGHT PORTER, | * | CIV 07-1021 |
| Appellant, | * | ORDER AND OPINION |
| vs. | * | |
| NATHAN JOHNSON, et. al., | * | |
| Appellees. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This case concerns a timely appeal of right from a final order of a bankruptcy judge. The parties agree that this court has jurisdiction over the appeal.

The bankruptcy court held that, because of a verdict in a state court action, collateral estoppel answers the question as to whether the debt of appellant ("Porter") to appellees is excepted from discharge in this bankruptcy proceeding. The bankruptcy court issued a summary judgment in favor of appellees and against Porter.

The parties argue as to which party has the burden of proof. I am satisfied that appellees (the creditors) have the burden of proof to establish by a preponderance of the evidence that their claim or claims are not dischargeable.

The question is whether there are any genuine issues of material fact as to whether the discharge of the debt is barred by 11 U.S.C. §523(a)(6) which excepts from discharge any debt for a "wilful and malicious injury." I find and hold that there are such genuine issues of material fact and that the bankruptcy court should not have entered a summary judgment. Collateral estoppel does not bar the relief sought by Porter. I so hold because the issue decided in the prior adjudication in state court is not identical with the one presented in this bankruptcy action.

Porter was found by the jury in the state court action to be liable to appellees under a cause of action described as "barratry." SDCL 20-9-6.1 allows a recovery under any

one of four circumstances, described as follows: (1) Porter presented a frivolous claim; (2) Porter presented a malicious claim; (3) Porter filed any document with malice; or (4) Porter filed any document in bad faith. The jury may find liability and award damages for any one of the four reasons set out in the statute. Special interrogatories were not submitted to the jury and it would be pure speculation to venture a guess as to which factor or factors were found by the jury to exist. Nor was there any instruction to the jury requiring that at least ten of the twelve jury members agree on a particular factor, similar to what is required of a jury in a conspiracy case. For all we know, one or more members of the jury may have decided that a document was filed in bad faith. Any such finding would clearly not meet the requirements of the federal statute.

The problem is further complicated by the fact that Porter was represented by two attorneys. One attorney drafted all documents and caused them to be filed. Another attorney actually tried the lawsuit to the jury. Should the client be required to know more of the law than one or two attorneys? I think not. After the verdict was entered, the present appellees filed and served a motion seeking Rule 11 sanctions against the attorney for Porter. The record does not reflect what happened as to that motion.

The South Dakota statute requires no finding that Porter knew that the suit or the claims were frivolous. While the federal statute speaks in the conjunctive, the South Dakota statute speaks four times in the disjunctive. There was no finding that Porter intentionally and maliciously injured appellees. The state court did not decide the case on the basis of a summary judgment or take the case from the jury on a finding that the claims of Porter were frivolous. There was no finding by the state court that Porter could not, as a matter of law, recover from appellees.

What could be a more clear issue of fact than the matter of a litigant's motives and intentions? Such determination is not suited for summary judgment in almost any case.

The summary judgment should be set aside and this case remanded to the bankruptcy court for trial.

Now, therefore,

IT IS ORDERED, as follows:

1) The order of the bankruptcy court granting a summary judgment to appellees is reversed and set aside.

2) This case is remanded to the bankruptcy court for trial on the merits.

Dated this 17th day of January, 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:

JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)